Jose Ramon Morales, B-33187
Patient Room No. C6B-116
California Health Care Fqcility
P.O. Box 32200
Stockton, California  95213
  In Propria Persona

FILED
CLERK, U.S. DISTRICT COURT
FEB 17 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: RS  DEPUTY

~~~
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
~~~

PEOPLE OF THE STATE OF CALIFORNIA,

                   Plaintiff,

vs.

JOSE RAMON MORALES,

                Defendant/Petitioner

CASE NO. 2:21-CV-01487-FLA-AFM

Re: Case No. A361773

EMERGENCY PENAL CODE SECTION 141
MOTION TO EXONORATE AND VACATE
JUDGEMENT IN THE INTEREST OF
JUSTICE. See Exhibit "A"

MEMORANDUM OF POINTS AND AUTHORITIES

SINCE DEFENSE COUNSEL NEW THAT OFFICER WILLIAM LEO'S FINGERPRINT EVIDENCE NEVER EXISTED , AND SINCE THE DECEMBER 2019 COURT RULED THAT THE FINGERPRINT EVIDENCE CERTIFIED AND FILE-STAMPED JULY 8, 1980 BY THE LAPD DID NOT EXIST, MUST THE COERCED PLEA OF NOLO CONTENDERE BE VACATED IN THE INTEREST OF JUSTICE?

STATEMENT OF THE CASE AND FACTS

In April 1982, in a secret pre-plea struck to convict this parolee for the crime of murdering his wife, incompetent court appointed defense attorney Albert DeBlanc, arresting officer Mike Stallcup, police officer Donald Keir and deputy district attorney Larry Diamond conspired (in petitioner's absence) to coerce petitioner to enter a plea of Nolo Contendere to a second degree murder petitioner/parolee did not commit. In July 1982, petitioner was sentenced to an unspecified term of "15." Petitioner is currently serving an indeterminate sentence of over 40 years and counting in State Prison.

The main and only evidence alleged to convict petitioner in the case was a so-called severed human hand discovered by police officer Donald Keir and associates on a Hollywood Freeway on July 7, 1980. Police Officer Donald Keir was not a fingerprint expert in 1980 and did not file a certified, signed and dated July 7 and 8, 1980 police report with the Los Angeles Police Department.

Briefly summarized, on March 25, 1981, Officer Donald Keir, the person responsible for fabricating the fingerprint evidence in this case and also for incriminating a police fingerprint expert by the name of William Leo (who was never assigned to Los Angeles Criminal Case No. A361773) falsely testified under oath and penalty of perjury in violation of California Penal Code Section 141(b), that on July 8, 1980 he observed Police Fingerprint Expert William Leo conduct a "DUCK SEAL" method of rolling and lifting fingerprints on the severed hand of petitioner's wife, Lois Washabaugh-Morales, labeled Coroner's Specimen No. 14 fingerprint evidence. Defense Counsel did not request the court for permission to see a copy of said fingerprint evidence, if any, and also did not permit petitioner to see Donald Keir's fingerprint evidence, if any. The fingerprint evidence certified, signed and dated July 8, 1980 was not entered as a court exhibit. See Rptr. 266.

It is petitioner's contention that his court appointed attorney new in advance that officer Donald Keir did not have the so-called officer William Leo's certified, signed and dated fingerprint report in his possession and that he did not want the petitioner to see said phoney fingerprint report.  It is further contended that incompetent defense counsel was ineffective for failure to file pre-plea motions for discovery, argue and present a meritorious argument regarding the false fingerprint evidence showing that:

1. That there is no certified, signed and dated July 8, 1980 Los Angeles Police Department report of officer William Leo on file.

(1)

2. That Police Fingerprint Expert William Leo never filed a certified, signed and dated July 8, 1980 Coroner's Specimen No. 14 Fingerprint Report with defense counsel and the court on March 25, 1981 and during the pre-plea, nolo contendere plea proceedings dated April 13, 1982.

3. Defense Counsel failed and refused to inquire in open court as to why Police Fingerprint Expert William Leo was not listed as a prosecution expert witness accompanied by his certified, signed and dated "Police Fingerprint Report" in Los Angeles Crim. Case No.A361773.

4. Defense Counsel failed to present evidence and to argue that the alleged fingerprint evidence allegedly rolled and lifted from a severed hand labeled coroner's specimen No.14 by police fingerprint expert William Leo was NOT the hand of petitioner's wife, Lois Washabaugh-Morales. That the alleged severed hand's race, gender, color, DNA blood-type, age and certificate of death is not that of Lois Washabaugh-Morales.

5. That defense counsel was ineffective in that he deliberately refused to request to see William Leo's police fingerprint report and to allow petitioner to see William Leo's certified, signed and dated July 8, 1980 police fingerprint report during the entire Case No.A361773 court proceedings.

6. Petitioner's diligent effort to obtain Police Fingerprint Expert William Leo's fingerprint report dated July 8, 1980 was denied by the defense counsel, appellate counsel, the Los Angeles Police Department, the Los Angeles County Hall of Records Courtroom Criminal Exhibits and Archives room, the Los Angeles District Attorney's office, the Los Angeles County Coroner's office and the California Department of Justice. See Group of Exhibits "B" That is from 1982 to the present.

7. California Penal Code Section 141(b) briefly states: "A Peace Officer (like Donald Keir) and a corrupt defense attorney like Albert DeBlanc, who knowingly and willfully and wrongfully plants and manufactures with specific intent that the action will result in a person being charged with a crime. . . is guilty of a felony. And Penal Code Section 141(c) states: A corrupt "prosecuting attorney who intentionally and in bad faith WITHHOLDS EXCULPATORY material or information is guilty of a felony."

8. Because of unsuccess to obtain William Leo's fingerprint report in over 40 continuous attempts from various government agencies, in 2019 petitioner filed a post-conviction motion for discovery of Police Fingerprint Expert William Leo's "Police Fingerprint dated July 8, 1980 in Los Angeles County Criminal Case No. A361773. On December 9, 2019, the Los Angeles County Superior Court ruled that "The Court has read and considered defendant's motion for post-conviction discovery. . . and finds no such (police) report exist." In other words, William Leo's fingerprint evidence report was NEVER entered into evidence and filed as a courtroom exhibit in Case No.A361773. See Exhibit "A"

CONCLUSION

Because of the evil and unlawful tactics perpetrated against this defendant/petitioner for over 40 years of illegal incarceration for a crime he did not commit, and that he only pled nolo contendere because he was on parole for a 1970 murder conviction.
That had petitioner known that he was framed with Officer William Leo's non-existing false perjured and fabricated fingerprint evidence manufactured by police officer Donald Keir, he would not have entered a plea of nolo contendere to the crime charged, and would have opted for a Judge or Jury Trial. And/or, petitioner would have requested that the court dismiss incompetent corrupt defense attorney and/or declare the proeedings null and void.

Furthermore, that had the Municipal and Superior Court Judges known that the petitioner/defendant in this case was being prosecuted with Police Fingerprint Expert William Leo's non-existing manufatured false, perjured and fabricated evidence, the court would have thrown out or dismissed the case in the interest of justice.

Based upon the foregoing, it is respectfully requested that this Honorable Court appoint an attorney to represent petitioner in this very complex proceeding spanning over 40 years of illegal incarceration and exonerate petitioner with a full pardon in the interest of justice.

And/or in the alternative, the California Attorney General Show Cause why defendant/petitioner's Emergency Penal Code Section 141 Motion to Exonerate and Vacate Judgment should not be granted.

Defendant/Petitioner is invoking applicable provisions of the 4th, 5th, 6th, 8th and 14th amendments to the United States Constitution ana applicable provisions of the California statutory and Constitutional provisions throughout this entire motion for vacating the plea and judgment in Crim. Case No. A361773.

I declare under penalty of perjury that the foregoing illegal arrest, plea, conviction and false imprisonment is true and correct that so-called Police Fingerprint Expert William Leo's false, perjured and fabricated fingerprint evidence dated July 8, 1980 DOES NOT and NEVER EXISTED in Los Angeles County Criminal Case No. A361773.

Executed this 10th Day of February 2021 at the California Health Care Facility.

Respectfully Submitted

JOSE RAMON MORALES

(3)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 120**

Date: 12-9-19
Honorable: CRAIG RICHMAN
R. VERDUGO

Judge | G. LOPEZ
Bailiff | R. RODRIGUEZ

Deputy Clerk
Reporter

(Parties and Counsel checked if present)

| CASE NO: | | |
|---|---|---|
| A361773 | THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel for People: Michelle Humphrey, DDA |
| | vs | |
| | MORALES, RAUL (aka) MORALES, "PABLO" JOSE (not present) | Counsel for Defendant: |

Nature of Proceeding: MOTION FOR POST-CONVICTION DISCOVERY FILED PURSUANT TO REVISED PENAL CODE SECTION 1054.9 (AB-1987)

(Microfilm)

The Court has read and considered Defendant's Motion for Post-Conviction Discovery filed pursuant to revised Penal Code Section 1054.9.

The Court and District Attorney Michelle Humphrey confer regarding defendant's motion for post-conviction discovery.

The Court finds no such report exists.

Clerk is to give notice.

A copy of this minute order is mailed via U.S. mail as follows:

Jose Ramos Morales, CDC #B-33187
California Health Care Facility
C6B-119
P.O. Box 32200
Stockton, CA 95213

1


EXHIBIT "A"

Minutes Entered
12-9-19
County Clerk



## LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
BUREAU OF PROSECUTION SUPPORT OPERATIONS
LIFER HEARINGS AND PAROLE REVOCATIONS DIVISION

STEVE COOLEY • District Attorney
JACQUELYN LACEY • Chief Deputy District Attorney
SHARON J. MATSUMOTO • Assistant District Attorney

LAEL R. RUBIN • Director

Jose Ramon Morales B-33187
P.O. Box 409060, C11-104
Mule Creek State Prison
Ione, CA 95640

August 13, 2012

Inmate Morales:

    We received your request filed under the federal Freedom of Information Act and California Public Records Act for a certified copy of a "Duck Seal Method of fingerprinting report" of July 8, 1930. No such document was located. Had a report been found, however, no copy would be provided under the Freedom of Information Act as it does not pertain to the individual states, and, under the California Public Records Act the item you seek is exempted from disclosure as part of a criminal investigation pursuant to Government Code section 6254 (f).

STEVE COOLEY
District Attorney

By

DAVID S. DAHLE, Head Deputy
Lifer Hearings Division

EXHIBIT "B"

16-105 Clara Shortridge Foltz Criminal Justice Center
210 West Temple Street
Los Angeles, CA 90012
(213) 974-3916

**California Health Care Facility**

Name: Jose MORALES  CDCR #: B-33187
Facility: C   Bldg.: C6B   Cell: 114
P.O. Box: 32200
Stockton, CA 95213

**INMATE MAIL**

CHCF
SACRAMENTO CA 957
CA DEPARTMENT
OF CORRECTIONS
AND REHABILITATION

neopost
02/11/2021
FIRST-CLASS MAIL
US POSTAGE $000.71
ZIP 95215
041L12203723

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 17 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
UNITED STATES COURTHOUSE
312 SPRING STREET
LOS ANGELES, CA 90012